```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

KENNETH K. WOOTEN,

    Plaintiff,

vs.                                           No. 14-2882-dkv

BUILDERS TRANSPORTATION
COMPANY,

    Defendant.
_____

    ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

    The plaintiff, Kenneth K. Wooten ("Wooten"), brings this *pro se* action against the defendant, Builders Transportation Company ("Builders"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, alleging race discrimination. Wooten, a black male, claims that Builders, in deciding to terminate his employment as a truck driver, discriminated against him on the basis of his race. (Compl., ECF No. 1.) Now before the court is Builders' March 19, 2015 motion for summary judgment. (Def.'s Mot. Summ. J., ECF No. 12.) Wooten failed to file a response to the motion before the April 21, 2015 deadline. The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 15.) For the reasons set forth below, Builders' motion is granted in full.

I.   UNDISPUTED FACTS

Under Rule 56(c)(1) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Wooten has failed to file a response to Builders' motion for summary judgment. The court, therefore, adopts Builders' proposed factual findings as undisputed.

The court therefore finds that the following facts are undisputed for the purposes of this motion for summary judgment:

Builders is a family owned and operated motor carrier headquartered in Memphis, Tennessee. (Def.'s Statement of Material Facts ¶ 1, ECF No. 12-4.) Builders operates throughout the 48 contiguous states and provides its transportation services to producers and consumers of coil steel, wire products, structural and sheet steel, aluminum products, building materials, cast iron and steel pipe. (*Id.*) Builders hired Wooten as a truck driver on October 4, 2010. (Ex. A at 3, ECF No. 12-6.)

On October 22, 2012, in Boyle, Mississippi, Wooten made an improper right turn from the left lane that resulted in a crash with another vehicle. (Def.'s Statement of Material Facts ¶ 2, ECF No. 12-4.) The driver of the other vehicle and her minor son were treated at the local hospital and subsequently asserted personal injury and property damage claims against Builders. (*Id.*) The Builders Safety Committee reviewed the evidence from the accident and found that Wooten failed to make a right turn properly, disregarded traffic that was behind him on a public highway, and made a turn from the left lane crossing the right lane that resulted in the other vehicle crashing into the front passenger side of the tractor unit. (*Id.* ¶ 3.) Builders considers an accident "preventable" if the driver failed to do

everything the driver reasonably could have done to avoid it. (Sellers' Affidavit ¶ 5, ECF No. 12-5.)  Builders considered Wooten's accident to be "preventable," as Wooten could have averted the accident by making a proper right hand turn from the right lane. (*Id.*)

Wooten's actions were contrary to safe driving techniques outlined by the National Safety Council, the Smith System driver trainer system, and proper driving techniques for commercial motor vehicles. (*Id.* ¶ 4.)  Builders trains its drivers to make right turns from the "rightmost lane." (*Id.* ¶ 5; Ex. B at 18, ECF No. 12-7.)  Builders' Policies and Procedures for Drivers states that "preventable accidents will lead to disciplinary action up to and including termination." (Ex. A at 9, ECF No. 12-6.)

After Builders and its insurance carrier determined that Wooten was liable for the accident, they paid over $40,000 to the other driver for property, bodily injury, and automobile liability damages. (Sellers' Affidavit ¶ 3, ECF No. 12-5.)  On January 4, 2013, Athos J. Sellers ("Sellers"), the Director of Safety for Builders, made the decision to terminate Wooten's employment for the preventable accident on October 22, 2012. (Sellers' Affidavit ¶ 3, ECF No. 12-5)  Wooten's prior safety record included another preventable accident in December 2010 where Wooten hit a stationary object as well as three cargo

4

claims for which he was responsible.  (*Id.* ¶ 6; Ex. C, ECF No. 12-8.)

## II.  ANALYSIS

A.  <u>Summary Judgment Standard</u>

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland Cnty. Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam).  The moving party has the burden of showing that there are no genuine issues of material fact at issue in the case.  *LaPointe*, 8 F.3d at 378.  This may be accomplished by pointing out to the court that the non-moving party lacks evidence to support an essential element of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the non-moving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts."  *Moore v. Philip Morris Cos.*, 8 F.3d

335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations.

6

*Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

Wooten has not responded to Builders' motion for summary judgment. The failure to respond to a motion for summary judgment inevitably tends to hinder a plaintiff's ability to avoid summary judgment as the plaintiff will not have set forth any affidavits or other materials setting forth specific facts to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1).

B.   <u>Wooten's Racial Discrimination Claim</u>

Builders contends that it is entitled to summary judgment on Wooten's race discriminations claim because Wooten cannot establish a *prima facie* case of discrimination under Title VII. Title VII makes "it an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

When there is no direct evidence of discrimination shown, the claim is governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later modified by *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). To establish a *prima facie* case of discrimination, a plaintiff is required to show that: (1) he is

a member of a protected group; (2) he was subjected to an adverse employment decision; (3) he was qualified for the position; and (4) he was either replaced by a person outside of the protected class or was treated differently than similarly situated non-protected employees. *See Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004)(gender discrimination); *see also Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010)(race discrimination). Once the plaintiff makes this showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its decision. *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 706 (6th Cir. 2006). If the defendant successfully rebuts the plaintiff's assertions of discrimination, the plaintiff must then demonstrate by a preponderance of the evidence that the legitimate reasons set forth by the defendant were pretextual, i.e., fabricated for the purpose of concealing an unlawful motive. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391-92 (6th Cir. 2008). The ultimate burden of persuasion, however, never shifts from the plaintiff. *Id.* at 392.

Builders argues that Wooten cannot establish a *prima facie* case of discrimination because he cannot identify any similarly situated white driver that was not terminated after being involved in a serious preventable accident. For employees to be similarly situated, the plaintiff bears the burden to show that

8

claimed comparable employees are similarly situated in all relevant aspects. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)(noting that the court must make the determination of what aspects of the position are relevant to the determination of whether the employees are similarly situated); *see also Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994), *abrogated on other grounds by Carter v. Toyota Tsusho Am., Inc.*, 529 F. App'x 601 (6th Cir. 2013). This showing requires Wooten to compare Builders' treatment of her with the company's treatment of fellow employees in employment situations "nearly identical" to Wooten's in all relevant respects. *Ercegovich*, 154 F.3d at 352.

To be properly comparable, the individuals "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). Among the differentiating and/or mitigating circumstances that may establish that two employees are not similarly situated are "[d]ifferences in job title and responsibilities, experience, and disciplinary history." *Campbell v. Hamilton Cnty.*, 23 F. App'x 318, 325 (6th Cir. 2001). "[I]n comparing employment discipline decisions, precise equivalence in

9

culpability between employees is not required," and the plaintiff need only "show that the employees were engaged in misconduct of comparable seriousness." *Hollins v. Atl. Co., Inc.*, 188 F.3d 652, 659 (6th Cir. 1999)(citation and internal quotation marks omitted).

In his complaint, Wooten alleges that "[w]hite drivers have had several accidents and [they] were not terminated." (Compl. 3, ECF No. 1.) In his EEOC charge, Wooten alleges that, "A White truck driver who actually had preventable accidents which resulted in the company being out of great sums of money, [] received worker's compensation, was given light duty to work in the office, and was not terminated." (ECF No. 1-1.) Apart from these conclusory allegations, Wooten has not specifically identified a similarly situated non-protected truck driver. Further, the record is devoid of any evidence that Wooten and the unidentified white truck driver are similarly situated in relevant aspects, such as with respect to the type of conduct that triggered Wooten's termination and whether the unidentified white truck driver had a similar safety record as Wooten. There is also no evidence that the unidentified white truck driver's violations were of "comparable seriousness" to Wooten's accident. *Hollins*, 188 F.3d at 659 (citation omitted).

While the court construes the facts on summary judgment in the light most favorable to the nonmoving party, in order to

10

defeat summary judgment, Wooten must put forth more than a scintilla of evidence. *Anderson*, 477 U.S. at 252. Wooten must put forth evidence "on which the jury could reasonably find for [him]." *Id.* Wooten has put forth no such evidence and his conclusory allegations in his complaint are insufficient to support his position. *See Ercegovich,* 154 F.3d at 352 (explaining that a plaintiff is "required to prove that all of the relevant aspects of his employment situation were nearly identical" to those of the employee who was allegedly treated more favorably in order to satisfy the fourth prong of the prima facie test (emphasis and internal quotation marks omitted)); *see also Mitchell*, 964 F.2d at 582 ("Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted."); *Fuelling v. New Vision Med. Labs. LLC*, 284 F. App'x 247, 255 (6th Cir. 2008)(granting summary judgment to the defendant because plaintiff did not identify the similarly situated individuals, failed to allege any facts indicating that that the unidentified comparators were similarly situated, and otherwise provided no evidence to substantiate her conclusory allegations); *Berryman v. SuperValu Holdings, Inc.*, No. 3:05CV169, 2010 WL 1257836, at *12 (S.D. Ohio Mar. 31,

11

2010)("[T]he Plaintiff has either not identified an allegedly similarly situated non-protected co-worker or has not demonstrated that all of the relevant aspects of his employment situation were 'nearly identical' to those of the non-protected co-worker's employment situation, as required in order to carry his burden on this prong of his *prima facie* case."). Consequently, Wooten has failed to create a genuine issue of material fact with respect to whether he was similarly situated to the unidentified white truck driver who was allegedly treated better than he was. This failure is fatal to his *prima facie* case of racial discrimination.

Even were the court to assume, for the sake of argument, that Wooten has set forth a *prima facie* case of racial discrimination, Builders has nonetheless articulated a legitimate nondiscriminatory reason for its action. Builders states that the decision to terminate Wooten's employment was made by Sellers after an investigation by the Builders Safety Committee and the insurance carrier. (Def.'s Statement of Material Facts ¶¶ 2-3, ECF No. 12-4.) This investigation determined that Wooten hit another vehicle when he improperly made a right turn from the left turn lane. (*See* Affidavit of Sellers, ECF No. 12-5.) According to Sellers, "this was a clear case of liability on driver Wooten's part," and "Wooten's reckless actions were contrary to safe driving techniques

12

outlined by the National Safety Council, the Smith System driver trainer system, and proper driving techniques for commercial vehicles." (*Id.*) Indeed, Builders' motor accident report, photographs of the accident, and damage claim documents clearly reflect that Wooten made a right turn from the left lane causing the accident. (*See* Ex. A, ECF No. 12-6.) Wooten was trained by Builders to make a right turn from the right late and not from the left lane. (*See* Ex. B, ECF No. 12-7.) Wooten's prior safety record included another preventable accident in December 2010 as well as three cargo claims for which he was responsible. (*See* Ex. C, ECF No. 12-8.) Builders has offered a permissible, nondiscriminatory basis for its decision to terminate Wooten, and the burden shifts to Wooten to produce a triable issue of fact that the Builders' reason was a coverup for discrimination.

In order to show that the defendant's reason for terminating the plaintiff was pretextual, the plaintiff "must produce sufficient evidence from which the jury could reasonably reject [the defendant's] explanation and infer that the defendant[] intentionally discriminated against him." *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001)(citation and internal quotation marks omitted). "[T]he plaintiff must allege more than a dispute over the facts upon which his discharge was based. He must put forth evidence which demonstrates that the employer did not 'honestly believe' in the

13

proffered non-discriminatory reason for its adverse employment action." *Id.* at 493-94 (citations omitted). The court must not second guess the business judgment of the employer, but simply evaluate "whether the employer gave an honest explanation of its behavior." *Hedrick v. W. Res. Care Sys.*, 355 F.3d 444, 462 (6th Cir.2004). "[T]he key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." *Smith v. Chrysler*, 155 F.3d 799, 807 (6th Cir. 1998).

Wooten has advanced no argument, and the record contains no evidence, in favor of a finding of pretext. As the record shows, Builders and its insurance carrier conducted a thorough investigation of Wooten's accident and determined that the accident was preventable. As stated in Builders' Policies and Procedures for Drivers, "preventable accidents will lead to disciplinary action up to and including termination." (Ex. A at 9, ECF No. 12-6.) It appears from the record that Wooten was not ticketed by the police, and that the driver of the vehicle he collided with was cited for having no insurance or registration. (Ex. A at 10, ECF No. 12-6.) However, the police officer's failure to ticket Wooten does not prove that Wooten was not at fault or that the accident was not

14

preventable.[1] Based on the foregoing, and the lack of evidence to the contrary, the court concludes that Builders made a reasonably informed decision to terminate Wooten. *See, e.g., Rolland v. Cobb Cnty. Sch. Dist.*, No. 1:10-CV-2173-TWT, 2013 WL 4028874, at *1, 6 (N.D. Ga. Aug. 7, 2013)(holding that the defendant properly determined that the plaintiff's accident was preventable despite the fact that the police officer responding to the accident did not cite the plaintiff); *Ferguson v. Local 689, Amalgamated Transit Union*, No. CIV.A. 08-1030 JDB, 2010 WL 5300532, at *7 (D.D.C. Dec. 21, 2010)(holding that the defendant's investigation was sufficient under its accident policy, which was not based on the standard of criminal liability); *Matheson v. USF Holland Inc.*, No. 1:05CV593, 2007 WL 397069, at *8 (S.D. Ohio Jan. 31, 2007)(finding that the defendant's determination that the plaintiff's accident was

---

[1]The police report is not before the court, thus, it is unclear whether the police report made a determination as to fault. Nevertheless, even if the police report was part of the record, the court may not consider it on summary judgment if it contains hearsay statements. *See Tranter v. Orick*, 460 F. App'x 513, 515 (6th Cir. 2012). Furthermore, courts have recognized that a company's definition of "preventable" may be different from the standard of liability in a civil case. *Tyson v. Old Dominion Freight Line, Inc.*, 270 Ga. App. 897, 901 (2004); *Grauel v. Montgomery Cnty. Bd. of Educ.*, No. 00-16, slip op. at 4, (Md. State Bd. Educ. Mar. 22, 2000), *available at* http://www.marylandpublicschools.org/stateboard/legal_briefs/2000/GRAUEL,%20SHEILA.pdf ("[T]he term 'preventable accident' . . . is not necessarily synonymous with the definition of the term 'fault' as used by the police in the preparation of an accident report.").

preventable was "reasonably informed" and that the defendant's decisional process needed not be optimal (citing *Smith*, 55 F.3d at 807)). Accordingly, summary judgment is appropriate as to Wooten's racial discrimination claim.

## III. CONCLUSION

For the foregoing reasons, Builders' motion for summary judgment is granted in its entirety.

IT IS SO ORDERED this 8th Day of May, 2015.

> S/ Diane K. Vescovo
> Diane K. Vescovo
> United States Magistrate Judge